JOLIET-NORFOLK FARM CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6795.  Promulgated October 15, 1927.

*Robert J. Walker, C. P. A.*, for the petitioner.
*J. W. Fisher, Esq.*, for the respondent.

The petitioner herein seeks a redetermination of its income and profits taxes for the calendar year 1920, for which the Commissioner has determined a deficiency in the sum of $1,848.13. The question in the proceeding is whether a profit of $9,243.33 resulting from a sale of real estate in 1920, is to be treated as income for such year.

#### FINDINGS OF FACT

The petitioner is a Virginia corporation with its principal office at Norfolk. In 1920 it sold certain real estate for a total consideration of $44,100 with a resulting gain to it of $9,243.33. The purchaser assumed a first mortgage in the sum of $15,000, together with the interest thereon, and taxes in the sum of $1,980; paid cash in the amount of $5,500; and gave the petitioner notes in the amount of $21,419.34 secured by a second mortgage on the premises.

The property sold consisted of approximately 700 acres of land situated in Norfolk County, Virginia, and some 15 miles from a railroad station and the City of Norfolk. At the time of the sale less than 50 acres of the land had been placed in cultivation and the remainder was covered with weeds and underbrush of various kinds. The only improvement upon the premises was a brick house which was in a very rundown condition having a value at the time of the

sale of not to exceed $2,000. Prior to the sale in question the petitioner had endeavored to sell the property in acreage tracts but had been able in three years to dispose of only three small pieces, upon one of which it received no cash payment, upon another a cash payment of $100, and upon the third a cash payment of $300. The actual value of the property at the time of the sale was not in excess of its cost to the petitioner and it would have been willing to sell it for that amount. The notes secured by the second mortgage could not have been sold for an amount in excess of 25 per cent of their face value without the endorsement of persons who were financially responsible.

One of the officers of the petitioner corporation took the notes and second mortgage to two different banks in Norfolk and was unable to obtain an offer therefor. He also asked these banks if they knew of anyone who would purchase the notes and both answered that they were unable to suggest a purchaser, and both banks advised that the mortgages could not be disposed of. The market was flooded with second mortgage paper, some of it being offered at a discount of from 50 to 60 per cent. The maker of the notes resided in Illinois and was unknown to people in the vicinity of Norfolk. No payments were made on the notes during the year 1920. The second mortgage notes had no fair market value at the time received.

#### OPINION.

Green: The parties are in accord as to the amount of the profit ultimately resulting from the purchase and sale of the property. The petitioner contends that the second mortgage notes had no fair market value and that, therefore, in accordance with the provisions of section 202 (b) of the Revenue Act of 1918, it is entitled to recover its capital investment before any part of the payments received shall be treated as taxable income.

We have found as a fact that the second mortgage notes had no readily realizable market value. We have heretofore held in *Appeal of Anton M. Meyer*, 3 B. T. A. 1329, that under such circumstances the petitioner should be first permitted to recover his capital investment and after the recovery of this amount the remainder of the purchase price should be returned as income as the same was received by the seller. Inasmuch as the total profit from the transaction is less than the amount of the second mortgage notes, we hold that the petitioner derived no income in 1920 from the sale of the real estate in question.

*Judgment will be entered after 15 days' notice, under Rule 50.*

Considered by Arundell and Lansdon.